UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-7545-CIV-ZLOCH



RICHARD COTTONE, as Personal
Representative of the Estate
of PETER ANTHONY COTTONE, JR.,
and PETER COTTONE, SR.,

      Plaintiffs,

vs.

KENNETH C. JENNE, II,
individually and in his
official capacity as Sheriff
of Broward County, Florida, et
al.,

      Defendants.

_____/

**FINAL ORDER OF DISMISSAL AS TO
DEFENDANT BROWARD COUNTY BOARD OF
COUNTY COMMISSIONERS**

THIS MATTER is before the Court upon Defendant Broward County Board of County Commissioners' ore tenus Motion To Be Dismissed From The Action made in open Court upon the commencement of trial on June 6, 2005.  After consideration of the issues raised by the County, the Court granted the instant Motion, thereby dismissing Broward County as a party from the above-styled cause.  The Court enters this Order for the purpose of articulating its reasons for granting the instant Motion.  The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

The above-styled cause arises from the death of Peter Anthony Cottone, Jr. (hereinafter "Cottone") while he was being held as a pre-trial detainee at the North Broward Detention Center on April

7, 1999. Cottone died after being choked with shoelaces by fellow inmate, Widnel Charles. Plaintiffs initiated the above-styled cause against multiple Defendants pursuant to 42 U.S.C. §§ 1983 and 1988, alleging that each Defendant acted with deliberate indifference to a known substantial risk of harm to Cottone. Among the Defendants named were Broward County Sheriff Kenneth C. Jenne, II (hereinafter "Jenne") individually and in his official capacity, and the Broward County Board of County Commissioners (hereinafter the "County"). The County argued that it should be dismissed as a party from the above-styled because its presence in the action is duplicitous. Specifically, the County argued that the official capacity suit against Jenne operates as a suit against the County itself, and that it is therefore redundant to name the County as a separate Defendant. Plaintiffs opposed the dismissal of the County, and argued that the liability of Jenne and the County were distinct, and that the Court had in fact so ruled in denying the County's Motion For Summary Final Judgment (DE 159).

The Court notes that the United States Court of Appeals for the Eleventh Circuit recently held that when a "defendant is the county sheriff, the suit is effectively an action against the governmental entity he represents." Cook v. Sheriff of Monroe County, Florida, 402 U.S. 1092, 1115 (11th Cir. March 10, 2005). This holding conforms with the United States Supreme Court decision of Monell v. New York City Dept. Of Social Services, 436 U.S. 658

2

(1978), wherein the Supreme Court recognized that "official-capacity suits represent only another way of pleading an action against an entity of which an officer is an agent." Monell, 436 U.S. at 690, n. 55. Indeed, "[a]s long as the government entity receives notice and an opportunity to respond, an official capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (recognizing that official capacity suits against municipal officers and municipalities "are functionally equivalent" and finding that it was redundant and possibly confusing to the jury to name both an officer sued in his official capacity and the City he represents); Children A & B v. Florida, 355 F. Supp. 2d 1298, 1300-01 (N.D. Fla. 2004) (dismissing claims against state agencies as "clearly redundant" in light of official capacity claims against state officers).

As noted above, Jenne is the Sheriff of Broward County, and is being sued in his official capacity. See Amended Complaint, DE 83, ¶ 10. The Court further notes that the County has had notice of the suit, and not only has had the opportunity to respond, but has in fact filed multiple pleadings. See e.g., DE Nos. 93, 159, and 332. These facts bring the above-styled cause squarely within the ambit of the aforementioned cases, and establish the grounds for the dismissal of the County from the action. Additionally, and as

was stated in open Court by the County through its counsel, James D. Rowlee, Esquire, should any judgment entered against Jenne in his official capacity exceed his liability insurance, Plaintiffs would be permitted to seek collection of the difference from the County.   See Brandon v. Holt, 469 U.S. 464, 471-73 (1985). Accordingly, the Court finds dismissal of the County from the above-styled cause appropriate.

Finally, the Court finds that dismissal of the County from the above-styled cause does not conflict with its Order (DE 337) denying the County's Motion For Summary Final Judgment (DE 159). In that Motion (DE 159), the County argued against its own municipal liability under 42 U.S.C. § 1983 due to the fact that Jenne was not a policymaker for the County.  Specifically, relying on the analytical framework adopted by the United States Supreme Court in McMillian v. Monroe County, Alabama, 520 U.S. 781 (1997), and applied by the Eleventh Circuit in Turquitt v. Jefferson County, Alabama, 137 F.3d 1285 (11th Cir. 1998)(en banc) and Grech v. Clayton County, Georgia, 335 F.3d 1326 (11th Cir. 2003)(en banc), the County argued that it could not be held liable for the conduct of an officer over whose actions it had no control.  See DE 159, 8-9.  The Court notes that while it found a genuine issue of material fact existed as to the whether Jenne acted as a policymaker for the County for the purposes of municipal liability, it was not asked to address the issue of party redundancy until the date of trial, and

4

therefore cannot be said to have passed on the issue.  Furthermore, in applying the aforementioned cases, which provide the appropriate analysis for municipal liability under § 1983, the Court would not have been required to consider party redundancy because it was not at issue therein.  Specifically, in <u>McMillian</u> and <u>Grech</u>, only counties were sued, and redundancy was therefore not an issue.  In <u>Turquitt</u>, the Eleventh Circuit took an interlocutory appeal to decide whether an Alabama county could be held liable under § 1983 for injuries befalling a county jail inmate arising from the sheriff's management of the jail in light of <u>McMillian</u>, and remanded the case for the dismissal of Jefferson County pursuant to the reasoning therein.  <u>See</u> <u>Turquitt</u>, 137 F.3d at 1292 ("We emphasize that our holding is limited to answering the questions for which we granted interlocutory appeal.")  Accordingly, the Court finds that it did not pass on the issue of party redundancy in denying the County's Motion For Summary Final Judgment (DE 159).  The County shall be dismissed from the above-styled cause for the reasons stated above.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1.  Defendant Broward County Board of County Commissioners' ore tenus Motion To Be Dismissed From The Action made in open Court upon the commencement of trial on June 6, 2005 be and the same is hereby **GRANTED;**

5

2.   Defendant Broward County Board of County Commissioners be and the same is hereby **DISMISSED** from the above-styled cause.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ 14th _____ day of June, 2005.

WILLIAM J. ZLOCH
Chief United States District Judge

Copies furnished:

Barbara A. Heyer, Esq.
For Plaintiffs

Michael R. Piper, Esq.
Gregg A. Toomey, Esq.
James D. Rowlee, Esq.
For Defendants