UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION


CASE NO.: 00-7545-CIV-ZLOCH


RICHARD COTTONE, as Personal
Representative of the Estate
of PETER ANTHONY COTTONE, JR.
and PETER COTTONE, SR.,

        Plaintiffs,

v.

KENNETH C. JENNE, II, etc., et al.,

        Defendants.

_____/



## PURSUANT TO RULE 15(b) PLAINTIFFS' AMEND THEIR COMPLAINT

Pursuant to Rule 15(b), Federal Rules of Civil Procedure, the Plaintiffs,

through their undersigned counsel, amend their Complaint to conform to the

evidence presented to date by the Plaintiffs in the trial herein. Notice for said

claims was attached to the Complaint as Exhibit B. Implied consent has been

demonstrated by the Defendants herein. Both counsel for the Defendants herein

have, on a number of occasions during the trial, objected to certain evidence as

being merely negligence as opposed to deliberate indifference. "It is axiomatic that

evidence bearing on both claims and the defenses to those claims may well overlap in a given case. Such an inevitability does not foreclose amendment under Rule 15(b)." IES Industries Inc. V. United States, 349 F.3d 574, 579 (8th Cir. 2003).

The Plaintiffs have presented evidence from which the jury could reasonably determine that both Defendants JENNE and EMSA CORRECTIONAL CARE, INC., were deliberately indifferent to the constitutional rights of PETER COTTONE, JR.. Said deliberate indifference was demonstrated by evidence which supported a finding that they were the moving force behind the conduct of Defendants D'ELIA, WILLIAMS, MCKENZIE, WALDMAN and PERFILIO, as well as a finding that it was their violation of the constitutional rights of PETER COTTONE, JR., which caused the injuries to the decedent Plaintiff.

Evidence has been presented with respect to the claims against Defendant JENNE and Defendant EMSA CORRECTIONAL CARE, INC. which demonstrates this deliberate indifference:

1. **JENNE**
   "was aware of the problems and conditions existing in the Broward County Jail System such as inadequate manpower, monitoring, classification, screening, assessment, medical care and medication of mentally ill inmates." (R83-Paragraph 132).

   **JENNE**, "was deliberately indifferent to the safety of the inmates by failing to remedy these problems, even though he had notice of them." (R83-Paragraph 133).

Throughout these proceedings, evidence both testimonial and documentary, has demonstrated as follows: (1) failure to adhere to the requirements of law ("15 minute checks");  (2) failure at ensuring that the department's written minimal policies were adhered to by its employees and agents, such as Defendants D'ELIA and WILLIAMS; (3) failure to ensure that said Defendants were trained with respect to the care and custody of the mentally ill;(4) ignored evidence that, despite training which included "no drink, no food, and no games," employees and agents utilized the control room computers for their own entertainment, thereby failing to observe the conduct of the mentally ill inmates; (5) failed to ensure that all movements of inmates within the mental health unit precipitated by the inmate's violent action were appropriately documented,  and (6) despite actual notice of the dangers of inmates retaining shoes with shoelaces, Defendant JENNE allowed mentally ill inmates to retain their shoeslaces, thereby providing Widnel Charles, a mentally ill inmate, the means to kill PETER COTTONE, JR..

Defendant JENNE, in his official capacity, is liable for failing to train his officers, and failing to properly protect the inmates under his care, custody and control. Said liability is not solely dependant upon a finding that Defendants D'ELIA and/or WILLIAMS violated the constitutional rights of Plaintiff. Additionally, Defendant JENNE's conduct herein can also be the constitutional

3

violation, as the jury can reasonably reach the conclusion that it was its "don't give a damn" conduct which caused the constitutional violations of the decedent Plaintiff. See: Rivas v. Freeman, 940 F.2d 1491 (11th Cir. 1991); Cottone v. Jenne, 326 F.3d 1352 (11th Cir. 2003); Marsh v. Butler County, 268 F.3d 1014 (11th Cir. 2001).

2.  Pursuant to its contract with Defendant JENNE, Defendant EMSA CORRECTIONAL CARE, INC., was required to adhere to the law governing Defendant JENNE.  Defendant EMSA knew that its agents and employees failed to:

> "conduct appropriate health screening, assessments, treatment, care, monitoring and supervision of mentally ill inmates.  Said failure resulted in mentally ill inmates with known violent propensities being housed with other non-violent inmates at substantial risk of harm to those other inmates, including PETER ANTHONY COTTONE, JR." (R83-Paragraph 83).

> "maintained a system of review of the treatment of mentally ill pre-trial detainees... [demonstrating] that it has become the defacto policy and custom of said Defendant to tolerate the improper treatment of mentally ill pre-trial detainees. (R83-Paragraph 84).

Throughout these proceedings, the evidence has demonstrated as follows: (1)failure to adhere to the requirements of law ("15 minute checks"); (2) failure at ensuring that EMSA's minimal written policies were adhered to by its employees and agents, such as Defendants MCKENZIE, WALDMAN and PERFILIO; (3)

4

failed to ensure that said Defendants were appropriately screening, assessing, monitoring and supervising the mentally ill; (4) despite evidence which demonstrates that it was the responsibility and duty of the agents and employees of Defendant EMSA to appropriately move mentally ill persons within the mental health unit, said agents and employees failed to document movement within the unit precipitated by the inmate's violent action; (5) ignored evidence which demonstrates that the EMSA formulary list was too restrictive and was based upon economic, not health considerations and, (6) despite evidence that inmate Widnel Charles was decompensating, thereby making him a threat to himself and other inmates, no action was taken by the agents and employees such as Defendants WALDMAN, PERFILIO, and MCKENZIE, including but not limited to, medication, segregation from other inmates, as well as having correctional guards remove potential weapons such as shoelaces.

Defendant EMSA CORRECTIONAL CARE, INC.'s liability is not solely dependant upon a finding that Defendants MCKENZIE, WALDMAN, and/or PERFILIO violated the constitutional rights of Plaintiff.  Additionally, Defendant EMSA CORRECTIONAL CARE, INC.'s conduct herein can also be the constitutional violation, as the jury can reasonably reach the conclusion that it was its "don't give a damn" conduct which caused the constitutional violations of the

5

decedent Plaintiff.  See: <u>Rivas</u>, <u>supra</u>; <u>Cottone</u>, <u>supra</u>; <u>Marsh</u>, <u>supra</u>.

In presenting evidence of deliberate indifference, Plaintiffs necessarily provided evidence of the lesser standard of simple negligence.  "[U]nder Florida law, a county's treatment of an individual inmate in its custody is an operational function, for which the State of Florida has waived governmental immunity."

<u>Cook v. Sheriff of Monroe County, Florida</u>, 402 F.3d 1092, n.13 (11th Cir. 2005).

> "In order to find that the custodian's negligence was a proximate cause of the injury it must be shown that the injury was a reasonably foreseeable consequence of that negligence. ... Only a total absence of evidence to support an inference that the intervening cause was foreseeable justifies the court in removing the question from the trier of fact."

<u>Spann v. State Department of Corrections</u>, 421 So.2d 1090, 1092 (Fla. 4th DCA 1982), review den., 430 So.2d 452 (Fla. 1983).  "Florida's courts have repeatedly stressed that this basic question is not one for the court to answer as a matter of law, but rather is <u>properly left to the trier of fact for resolution</u>." (Emphasis added). <u>Cook</u>, <u>supra</u> at 1120. See also: <u>Dep't of Health & Rehabilitative Servs. V. Whaley</u>, 574 So.2d 100 (Fla. 1991).

Therefore, Plaintiffs plead in the alternative as follows:

### COUNT IX
### VICARIOUS LIABILITY FOR NEGLIGENCE
### DEFENDANT EMSA CORRECTIONAL CARE, INC.

150.  The Plaintiffs reallege paragraphs 1 through 55 and  63 through 78.

6

151.  At all times material hereto, Defendants WALDMAN, PERFILIO and MCKENZIE, and other medical and psychological personnel, were under the control and domination, actual or implied, of Defendant EMSA CORRECTIONAL CARE, INC., and were held out to the public as being agents or employees of the Defendant corporation possessing requisite authority on which decedent Plaintiff PETER ANTHONY COTTONE, JR. relied, to his detriment, and the Defendant EMSA CORRECTIONAL CARE, INC. is, therefore, estopped from denying the agency relationship and is vicariously liable for the acts of negligence of the Defendants and other hospital personnel.

152.  Pursuant to its contract with Defendant JENNE, Defendant EMSA CORRECTIONAL CARE, INC., had a duty to provide appropriate medical screening and psychological evaluation of incoming pre-trial detainees, to assign mentally ill pre-trial detainees to the appropriate housing level, to administer appropriate medication to the mentally ill, and to regularly monitor and assess the conditions of these inmates.

153.  At all times material hereto, Defendant EMSA CORRECTIONAL CARE, INC. had a non-delegable duty to the decedent Plaintiff PETER ANTHONY COTTONE, JR., to provide appropriate health screening, assessments, treatment, care, monitoring and supervision of mentally ill inmates.

154. Defendant EMSA CORRECTIONAL CARE, INC., employed and/or paid the personnel staffing the Broward County jail facilities, including, but not limited to, Defendants WALDMAN, PERFILIO, and MCKENZIE, to perform said duties.

155. The duties assumed and/or imposed upon Defendant EMSA CORRECTIONAL CARE, INC., are non-delegable, and, as a matter of law, impose vicarious liability upon the Defendant EMSA CORRECTIONAL CARE, INC., for the negligent performance of such duties by the Defendants.

156. At all times material hereto, Defendant, by and through its agents and/or employees, breached the duty to provide adequate psychological evaluation, screening, medication, classification, assignment of proper housing, and monitoring of the mentally ill at the Broward County jail facilities.

157. Defendant, by and through his agents, deputies and/or employees breached the duty to protect by, inter alia:

a. failing to adhere to their policy that all medical records for each mentally ill inmate shall be obtained from previous healthcare providers in order to ascertain a correct diagnoses and appropriate medications;

b. failing to properly evaluate, medicate, classify and assign to appropriate segregated housing inmates with violent propensities, who present a

danger to himself and others;

c. maintaining a policy, for purely economic reasons, that failed to provide necessary and appropriate medications for prescription by its agents and/or employees in order to properly treat and control the mentally ill inmates in their care;

d. failing to properly monitor, re-assess, reevaluate, document and/or respond to the deteriorating mental condition of a mentally ill inmate, such as Widnel Charles, thereby increasing the risk of harm to himself and others;

e. failing to prevent the death of Plaintiff PETER ANTHONY COTTONE, JR.; and

f.   other acts of negligence not yet discovered.

158.   As a direct and proximate result of the negligence of the Defendants as described above, for which the Defendant EMSA CORRECTIONAL CARE, INC. is vicariously liable, the decedent PETER ANTHONY COTTONE, JR., sustained fatal injuries.


**WHEREFORE,** Plaintiffs demand compensatory damages from Defendant EMSA CORRECTIONAL CARE, INC., costs, and trial by jury for all other issues so triable by right.

## COUNT X
## VICARIOUS LIABILITY FOR NEGLIGENCE
## DEFENDANT KENNETH C. JENNE, II

159.  The Plaintiffs reallege paragraphs 1 through 158.

160.  At all times material hereto, Defendant acted by and through his agents, employees and/or deputies.

161.  At all times material hereto, individuals employed in the Broward County Sheriff's jail facilities acted within the course and scope of their employment with Defendant.

162.  At all times material hereto, Defendant, by and through his agents, deputies and/or employees, had a duty to protect inmates under its care, custody and control, who were housed in the Broward County jail facilities.

163.  At all times material hereto, Defendant, by and through his agents, deputies and/or employees breached the duty to protect by, inter alia:

   a. failing to properly segregate violent from non-violent inmates;

   b. failing to properly provide psychological services and/or care to the mentally ill inmates when it is was apparent that without such care, said inmates would potentially become a danger to themselves or others.

   c. failing to maintain an adequate system whereby reports of violence are reported promptly and to appropriate persons, as prescribed or required by

established administrative guidelines, policies or procedures;

d. allowing written and non-written policies to exist which violate the requirements of law such as documented 15 minutes checks of special inmates, such as the mentally ill and allowing mentally ill inmates to retain their shoeslaces, thereby providing them with a weapon to be utilized against themselves or others;

e. failing to provide and/or require adequate training for corrections deputies whose duty it was to supervise, care and protect the mentally ill inmates;

f. failing to adequately monitor inmates so as to prevent incidents of inmate violence;

g. failing to prevent the death of Plaintiff PETER ANTHONY COTTONE, JR.; and

h. other acts of negligence not yet discovered.

164.   As a direct and proximate result of the negligence of the agents, employees and/or deputies of Defendant JENNE,  the decedent Peter Cottone, Jr. sustained fatal injuries, resulting in vicarious liability on the part of the Defendant and damages as herein alleged.

**WHEREFORE** the Plaintiffs demand compensatory damages against the Defendant KENNETH C. JENNE, II, costs, and trial by jury for all issues so triable by right.

**WE HEREBY CERTIFY** that a true copy of the foregoing Notice of Amendment to complaint pursuant to Rule 15(b) was furnished via hand-delivery to:  Michael R. Piper, Esq. JOHNSON, ANSELMO, et al., 2455 E. Sunrise Boulevard, Suite 1000, Fort Lauderdale, FL  33303 and Gregg A. Toomey, Esq., BUNNELL, WOULFE, et al., Post Office Box 030340, Fort Lauderdale, FL 33303 this ___ day of April, 2006.

HEYER & ASSOCIATES, P.A.
Attorneys for Plaintiffs
1311 SE 4th Avenue
Fort Lauderdale, FL   33316
(954) 522-4922 /(561) 833-1068
Fax: (954) 522-4955

BY: _____
BARBARA A. HEYER
BAR NO. 346691

12